BARBARA STUART ROBINSON
44366 3RD ST E LANCASTER ,
CA 93535 661-236-1679



FILED

FEB 11 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

DMR

US DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA

BARBARA STUART ROBINSON       ) CASE NO:  CV19      738

PLAINTIFF,                    )

VS                            )COMPLAINT OF DISCRIMINATION

BAY AREA RAPID TRANSIT DISTRICT,(BART)

DEFENDANT.                    )  Jury Trial Requested

_____ )

JURISDICTION: THIS COURT HAS SUBJECT MATTER JURISDICTION

VENUNE: BART IS DOING BUSINESS IN SAN FRANCISCO, CALIFORNIA AND
BARBARA STUART ROBINSON IS A RESIDENT OF CALIFORNIA OF LOS
ANGELES VISITING THE SAN FRANCISCO BAY WITH A ACCESS DISABILITY
FROM WITHIN THE STATE OF CALIFORNIA.

FACTS:

1. THE BART ( SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT )
DISCRIMINATED ME ON THE BASIS OF DISABILITY REGARDING SERVICES.
2. BARTS SERVICE RATE REQUIREMENTS DENIED ME, A PERSON WITH A
DISABILITY, TO SAME OR EQUAL SERVICES LEAVING ME IN HARM IS
SUFFERED MY LOSS OF INDEPENDENCE, INJURY TO SELF ESTEEM AND
PUBLIC HUMILIATION AFTER BEING TOLD I CAN NOT RECEIVE MY
DISABILITY SERVICE RATE BECAUSE I HAD NO SAN FRANCISCO

1

DISABILITY CARD AND REQUIRED A SAN FRANCISCO, CALIFORNIA
APPLICATION PROCESS TO RECEIVE DISABILITY DISCOUNTED RATES FOR
ITS SERVICES.

1

3. BARTS (AND/ OR THE AUTHORIZED AGENTS OF BART )DISABILITY
SERVICE RATE REQUIREMENTS TREATED ME, A PERSON WITH A
DISABILITY, UNEQUALLY AS TO OTHERS PERSONS WITH A DISABILITY.

4. I WAS DISCRIMINATED AGAINST BASED ON DISABILITY REGARDING
BART SERVICES BECAUSE BART REFUSED TO ALLOW ITS DISABILITY
DISCOUNTS TO PERSONS WHOM WERE VISITORS OF SAN FRANCISCO, CA
WITH PROOF OF DISABILITY CARDS AND BART DISCRIMINATED ME ON THE
BASIS OF DISABILITY AND I LOST MY INDEPENDENCE, SUFFERED INJURY
TO MY SELF ESTEEM AND SUFFERED PUBLIC HUMILIATION AFTER I WAS
TOLD THAT I WOULD NOT BE ABLE TO USE ITS SERVICES BECAUSE I
COULD NOT AFFORD THE FULL PRICE RATE REQUIREMENTS EVEN
THOUGH I RESIDED IN THE STATE OF CALIFORNIA WITH A LOS ANGELES
COUNTY FOR ACCESS SERVICES. 5. *Access* Services is for the administration of
*Access*, the Americans with

Disabilities Act (ADA) mandated *paratransit* transportation program for Los
Angeles County and is committed to improving the mobility on public *transit* of
persons with disabilities.

6. BECAUSE BARTS DISABILITY PAY RATE REQUIREMENTS TENDS TO
DENYS A PERSON WITH A DISABILITY TO SAME OR EQUAL SERVICES.
BARTS DISABILITY PAY RATE REQUIREMENTS TENDS TO TREAT A
PERSON WITH A DISABILITY UNEQUALLY. I WAS UNFAIRLY TREATED,
UNEQUALLY TO OTHER PERSONS WITH DISABILITIES THAT WERE CITY
OF SAN FRANCISCO RESIDENTS BECAUSE I WAS JUST VISITING SAN
FRANCISCO, CA, CAUSED ME HARM THAT RESULTED FROM THE ACTS
AND OR OMISSION OF SERVICES OF BARTS ( AND/ OR THE
AUTHORIZED AGENTS OF BART) FOR PUBLIC TRANSPORTATION
SERVICES AND ITS REQUIREMENTS ONLY ALLOWED PERSONS WITH A
DISABILITY WITH A CITY OF SAN FRANCISCO CARD FROM ONLY THE
CITY OF SAN FRANCISCO DISABILITY AUTHORIZATION, TO USE ITS

2

TRANSPORTATION SERVICES TO BE THE ONLY PERSON TO BE JUSTLY
ENRICHED WITH ITS DISABILITY DISCOUNT RATE OF 60% OFF
REGULAR FARE RATE, AND SINCE MY DISABILITY AUTHORIZED CARD
WAS FROM LOS ANGELES COUNTY, LOS ANGELES CALIFORNIA THE
AUTHORIZED AGENTS OF BART COUNTY WILL NOT AND DID NOT
AUTHORIZE MY VISITOR TRANSPORTATION PROOF OF DISABILITY
CARD TO EQUALLY RECEIVE THE REDUCED DISABLED FARE FOR ME
AS A CITY OF SAN FRANCISCO, SAN FRANCISCO COUNTY VISITOR
THAT WAS NOT GIVEN

2

AUTHORIZED BY SAN FRANCISCO, CA. ONLY UNDER STATE AND
FEDERAL LAW OF DISCRIMINATION, BART DISCRIMINATED ME ON THE
BASIS OF DISABILITY SERVICES VIOLATION OF 504 OF THE AMERICANS
WITH DISABILITIES ACT OF 1973 AND/ OR VIOLATION OF TITLE II OF THE
AMERICANS WITH DISABILITIES ACT OF 1990 UNLAWFULLY TO STATE OF
CALIFORNIA STATUTES the Unruh Act., REGARDING DISCRIMINATION
AND FEDERAL LAWS REGARDING DISABILITY DISCRIMINATION IN
PUBLIC TRANSPORTATIONS AND SERVICES AND WAS DENIED A
REASONABLE ACCOMODATIONS.

CAUSE OFACTION:

1. VIOLATION OF 504 OF THE AMERICANS WITH DISABILITIES ACT OF 1973
2. VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF
1990.

3. VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF
1990.

4. VIOLATION OF  the Unruh Civil Rights Act (Civ. Code 51) 5. Disabled
Persons Act (Civ. Code 54.1)

DEMAND FORRELIEF

1. COMPENSATORY RELIEF
2. EXEMPLARY RELIEF

3. EMOTIONAL DISTRESS

3

4. SUFFERING

5. DAMAGES

6. INJURY TO SELF ESTEEM
7. PUBLIC HUMILIATION

8. LOSS ON INDEPENDENCE
9. LOSS OF SELF ESTEEM
10. STATUTORY

## STATEMENT OF CLAIM UPON WHICH RELIEF CAN BE GRANTED

BART SERVICES DENIED ME DISABILITY SERVICES AND DISABILITY SERVICE RATES OF 60% OFF REGULAR RATES BECAUSE I WAS NOT A RESIDENT OF THE CITY OF SAN FRANCISCO WITH A CITY OF SAN FRANCISCO RESIDENTS DISABILITY CARD DISCRIMINATING ME ON THE BASIS OF DISABILITY BECAUSE I WAS A OUT OF CITY RESIDENT ONLY VISITING WITHOUT A SAN FRANCISCO CITY DISABILITY CARD , BART REFUSED ME DISABILITY SERVICES RATES OF 60% OFF REGULAR SERVICE RATES unlawful Circumstances and Conditions to Person with a Disability under the Unruh Civil Rights Act (Civ. Code 51) and Disabled Persons Act (Civ. Code 54.1). I was harmed and unrightfully lost my Independence.

In California, disabled persons can sue under two different statutes to allege disability access claims, namely, the Unruh Civil Rights Act (Civ. Code 51) and Disabled Persons Act (Civ. Code 54.1). Previously, California courts held that plaintiffs had to prove intentional discrimination to bring a claim under the Unruh Act whereas the Disabled Persons Act had no "intent" requirement. Although statutory damages are higher under the Unruh Act, disabled persons more often filed suits under the Disabled Persons Act to avoid having to prove intentional discrimination. Now, a recent change in California law will likely result in disabled persons suing under the Unruh Act, leading to higher damages and settlements in disability access cases.

4

In a recent case, Munson v. Del Taco, Inc., the California Supreme Court determined that a plaintiff who establishes a violation of the Americans with Disabilities Act (ADA) does not have to prove intentional discrimination in order to obtain damages under California's Unruh Act. Plaintiffs in California may now recover up to three times the amount of actual damage, but in no case less than four thousand dollars ($ 4,000), in addition to attorney fees. The minimum statutory damages in disability access cases will increase from $1,000 to $4,000, as disabled persons bring lawsuits under the Unruh Act.

DAMAGES

1. INJURY

2. PUBLIC HUMILIATION

3. LOSS ON INDEPENDENCE

4. LOSS OF SELF ESTEEM

5. STATUTORY DAMAGES

DATED THIS 11TH DAY OF JANUARY, 2019.

/s/BARBARA STUART ROBINSON

4